UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                        CASE NO: 2:14-cr-2-FtM-38DNF

STEVEN JOSEPH RIZZA and
JONATHAN ROBERT MAUSE

_____

### ORDER[1]

This matter comes before the Court on Defendant Jonathan Robert Mause's Motion to Dismiss Count IV of the Superseding Indictment. (Doc. 48). The United States filed a response in opposition on May 7, 2014. (Doc. 53). This matter is ripe for review.

**Background**

On or about January 8, 2014, a grand jury indicted Steven Joseph Rizza and Jonathan Robert Mause. (Doc. 1). Thereafter, on or about March 19, 2014, a grand jury charged Rizza and Mause with a superseding indictment. (Doc. 23). At issue in this motion is Count IV in the superseding indictment. Count IV is a charge of Perjury to a Grand Jury pursuant to 18 U.S.C. § 1623(a) and is brought against Mause.

The perjury charge stems from alleged activity that occurred on May 25, 2013. Rizza and Mause are former Desoto County Deputy Sheriffs. On May 25, 2013, Rizza allegedly assaulted J.W.H., an inmate at the Desoto County Jail. It is alleged, thereafter

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

on May 26 and 27, 2013, Mause and Rizza collaborated to compose a false report with regard to the assault on J.W.H. In addition, it is alleged Mause and Rizza gave false statements to investigators and to a grand jury for the purpose of concealing the J.W.H. assault.

Count IV reads in its entirety:

### COUNT FOUR

### 18 U.S.C. § 1623(a) – Perjury to a Grand Jury

On or about August 8, 2013, in Lee County, in the Middle District of Florida,

### JONATHAN ROBERT MAUSE,

Defendant herein, under oath in a proceeding before a grand jury of the United States, knowingly made a false material declaration when he stated that Defendant **STEVEN JOSEPH RIZZA** never told him any details about the indictment involving J.W.H. in a DCJ cell on May 25, 2013, when in truth and in fact, and as Defendant **JONATHAN ROBERT MAUSE** well knew, Defendant **STEVEN JOSEPH RIZZA** did tell him details about the incident involving J.W.H. in a DCJ cell on May 25, 2013.

Specifically, Defendant **JONATHAN ROBERT MAUSE** testified as follows:

Q.   Did he [Defendant **STEVEN JOSEPH RIZZA**] tell you what happened in that cell?
A.   No, he did not tell me what happened.
A.   He [Defendant **STEVEN JOSEPH RIZZA**] never would have got into actual detail about what happened during the incident.
Q.   Why not?
A.   He just never did, sir. He never got into detail about exactly what happened within Alpha 1 [the holding cell where J.W.H. was detained on May 25, 2013].
Q.   Why wouldn't he [Defendant **STEVEN JOSEPH RIZZA**] have gotten into detail about what happened in that cell?
A.   He didn't. He did not get into detail.
…
A.   To the best of my knowledge he [Defendant **STEVEN JOSEPH RIZZA**] told me there was an altercation. If you're asking me whether

or not he got into detail about exactly what happened in the use of
force?

Q.     Yes.

A.     If that's what you're asking, sir, he did not get into detail.

All in violation of Title 18, United States Code, Section 1623(a).

(Doc. 23, at 4-5).

## Standard

"The sufficiency of a criminal indictment is determined from its face." United States
v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) (citations omitted). Whether an
indictment sufficiently alleges a statutorily prescribed offense is a question of law. United
States v. Steele, 178 F.3d 1230, 1233 (11th Cir. 1999) (citing United States v. Shotts, 145
F.3d 1289, 1293 (11th Cir. 1998)). "An indictment is sufficient, if it (1) presents the
essential elements of the charged offense, (2) notifies the accused of the charges to be
defended against, and (3) enabled the accused to rely upon a judgment under the
indictment as a bar against double jeopardy for any subsequent prosecution for the same
offense." Steele, 178 F.3d 1230, 1233-34 (citing United States v. Steele, 147 F.3d 1316,
1320 (11th Cir. 1998) ("Steele III") (quoting United States v. Dabbs, 134 F.3d 1071, 1079
(11th Cir. 1998))). Moreover, indictments that trace the language of the statute must
include a statement of the facts and circumstances to inform an accused of the specific
offense with which the accused is charged. United States v. Bobo, 344 F.3d 1076, 1083
(11th Cir. 2003) (quoting Russell v. United States, 369 U.S. 749, 763 (1962)).

## Discussion

Mause argues Count IV of the superseding indictment is insufficient because it (1)
fails to inform what statements he made that are false; and (2) fails to allege that the false
statements were material to the Grand Jury's investigation of the charges. To support

these arguments, Mause heavily relies on a review of his testimony transcript. In addition, Mause's argument rests on the contention that he never "lied" about the incident or his involvement in the incident.

In response, the Government argues Count IV of the Indictment presents verbatim quotes of the testimony that Mause gave to a federal grand jury on August 8, 2013. The Government argues, the quotes provided are clear, brief, uncomplicated, unambiguous, and give any reasonable person sufficient notice of the particular statement that form the basis of the offense. The Government argues Count IV cannot be more specific because it would be impossible for it to provide a more exact quote.

Upon consideration, the Court finds the motion to dismiss is due to be denied. The indictment plainly cites to Mause's testimony. Thus, Mause is clearly informed what statements are at issue in this case. The indictment also plainly states Mause "knowingly made a false material declaration." Thus, the indictment satisfies the broad materiality standard. United States v. Clarke, 464 F. Supp. 749, 751 (M.D. Fla. 1979) ("[t]he standard of materiality is itself a broad one."); United States v. Whimpy, 531 F.2d 768, 770 (5th Cir. 1976) ("anything that could influence or mislead the trial court or the jury is considered to be material.").

Moreover, the indictment alleges the essential elements of the crime sufficiently so that Mause may prepare his defense and invoke the double jeopardy clause in any subsequent prosecution for the same offense. Clarke, 464 F. Supp. at 750 (citations omitted). Furthermore, to the extent Mause's arguments rely on evidence outside the scope of the indictment itself, such as the entire transcript testimony, the Court finds it is improper to look beyond the face of the superseding indictment when resolving the instant

motion to dismiss. United States v. Snipes, No. 5:06-cr-22-Oc-10GRJ, 2007 WL 2572198, at *2 (M.D. Fla. Sept. 5, 2007); see also Clarke, 464 F. Supp. at 750 (the Court assumed the Government's allegations were true when resolving the motion to dismiss indictment). Accordingly, the Court has not looked beyond the indictment itself to analyze this issue. In conclusion, Count IV is sufficient to withstand a motion to dismiss.

Accordingly, it is now

**ORDERED:**

Defendant Jonathan Robert Mause's Motion to Dismiss Count IV of the Superseding Indictment. (Doc. 48) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this July 23, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record