UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                   CASE NO: 2:14-cr-2-FtM-38DNF

JONATHAN ROBERT MAUSE

_____

**ORDER[1]**

This matter comes before the Court on United States' Motion in Limine to Exclude

the Testimony of Dr. Jethro Toomer and Related Evidence (Doc. 96) filed on July 11,

2014. Although given the opportunity, Defendant Jonathan Robert Mause did not timely

file a response in opposition. (See Doc. 61). Nonetheless, the Court heard oral arguments

from the Government and Mause regarding this issue at the Final Pretrial Conference

held on Friday, July 25, 2014. This motion is now ripe for review.

Mause is charged with Falsification of Records in a Federal Investigation pursuant

to 18 U.S.C. § 1519 (Count II); Perjury to a Grand Jury pursuant to 18 U.S.C. § 1623(a)

(Count IV); and False Statement to a Federal Investigator pursuant to 18 U.S.C. § 1001

(Count VII). (See Doc. 23). On June 19, 2014, Mause gave notice of his intent to call Dr.

Toomer as an expert witness regarding memory loss and diminished capacity. (Doc. 72;

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Doc. 73). Thereafter, Mause provided the Government with Dr. Toomer's curriculum vitae and a copy of Dr. Toomer's report regarding his psychological evaluation of Mause.[2]

The Government moves to exclude Dr. Toomer's testimony. The Government argues all psychological evidence and testimony is inadmissible because: (1) it tends to excuse Mause's conduct in violation of 18 U.S.C. § 17; (2) it is prohibited as to the perjury count pursuant to 18 U.S.C. § 17; (3) it does not pertain to Mause's mental state at the time of the offenses pursuant to 18 U.S.C. § 17 and Rule 403 of the Federal Rules of Evidence; (4) it contains no indication Mause suffered any kind of relevant memory loss or diminished capacity; (5) Dr. Toomer lacks the expertise to testify to Mause's cognitive abilities; (6) its suggestion that Mause had a defective memory is irrelevant and confusing; (7) it tends to address Mause's truthfulness or lack of criminal culpability and this should be excluded; and (8) it relates to Mause's life circumstance, prior career, and accomplishments and this is irrelevant and prejudicial.

In response, Mause orally argued Dr. Toomer's testimony is relevant because one of Mause's defenses is that he lacked the ability to recall specific information during his testimony that is at issue in the superseding indictment. The Court has reviewed the Government's arguments, Mause's arguments, Dr. Toomer's psychological evaluation of Mause, (see Doc. 79; Doc. 80),[3] Dr. Toomer's July 10, 2014, letter to Mause's counsel, (Final Pretrial Conference Government's Exh. 4), and relevant case law. Pursuant to the

---

[2] As an aside, to date the Government has not received the raw testing data and related materials that Dr. Toomer used in his psychological evaluation of Mause. The Government has requested these materials but to no avail. In response, Mause asserts Dr. Toomer cannot provide the raw testing data and related to anyone outside his profession, including Mause himself, the Court, and the Government.

[3] These documents are under seal.

reasons stated on the record and the reasons that follow, this motion in limine is due to be granted.

Here, Mause wishes to present Dr. Toomer's psychological testimony to support a diminished capacity defense with regard to Mause's charges under the superseding indictment. In criminal matters, psychological defenses can be presented to support a mental impairment affirmative defense or to negate an element of a charged offense. United States v. Cameron, 907 F.2d 1051, 1063 (11th Cir. 1990). The Court finds neither of these situations are present in this instant case.

With regard to a mental impairment affirmative defense, the law is clear that a mental impairment affirmative defense can be raised by a defendant to justify or excuse conduct that is otherwise criminal, only when the affirmative defense is specifically recognized and defined by the legislature. Id. (citation omitted). Based on the Court's research it appears the insanity statute, 18 U.S.C. § 17, is the most applicable statute in which Mause may raise a diminished capacity defense. Here, however, Mause does not assert he is insane and the insanity statute itself provides mental diseases or defects other than insanity are not proper defenses to a crime. See 18 U.S.C. § 17(a). Besides, Mause has not argued any specific diminished capacity statute applies in this case and the Court's independent research has not revealed any statute in which Mause could be alluding to outside 18 U.S.C. § 17. Thus, the Court finds Dr. Toomer's testimony regarding Mause's diminished capacity is inappropriate as an affirmative defense and would violate the plain language of 18 U.S.C. § 17.

With regard to negating an element of an offense charged, a defendant may provide psychological evidence to aid the jury in determining the defendant's specific

state of mind with regard to the actions the defendant took *at the time the charged offense was committed.* Cameron, 907 F.2d at 1063 (emphasis added). This kind of psychological evidence goes to whether the Government has proven each essential element of the crime when specific intent is at issue. Id. The Eleventh Circuit has explained,

> [w]hen a defendant claims to have psychiatric evidence that she 'lacked the capacity' or was 'incapable' of forming the intent necessary for the crime charged, most often that defendant is speaking of an incapacity to reflect or control the behaviors that produced the criminal conduct. Such evidence is not 'psychiatric evidence to negate specific intent' and should not be admitted.

Id. at 1066. An exception to this general principle occurs when the psychiatric evidence focuses on a defendant's specific state of mind at the time of the charged offense. Id. at 1067 (citing United States v. Staggs, 554 F.2d 1073 (7th Cir. 1977)). Here, Dr. Toomer's reports do not focus on Mause's specific state of mind *at the time the charged offense was committed.* Instead, Dr. Toomer's reports focus on Mause's *current* state of mind as a result of the pending charges. Consequently, Dr. Toomer's report does not support a legally acceptable theory that demonstrates Mause lacked the *mens rea* at the time the charged offenses were allegedly committed. See United States v. Clarke, 159 Fed. Appx. 128, 133 (11th Cir. 2005). Thus, the Court finds Dr. Toomer's testimony would be inappropriate if admitted at trial and would only confuse and distract the jury. See Cameron, 907 F.2d at 1067 (citing United States v. Pohlot, 827 F.2d 889, 904-05 (3d Cir. 1987)).[4]

Accordingly, it is now

**ORDERED:**

---

[4] This testimony, however, may be relevant during a sentencing phase of the case should the Defendant be convicted of one or more of the charges in the Superceding Indictment.

Motion in Limine (Doc. 96) is **GRANTED**.

**DONE AND ORDERED** at Fort Myers, Florida, this July 30, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record